CLERKS COPY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO
MAY 27 1999
CLERK

JOHNNY RAY CHANDLER,

Plaintiff,

v.

No. CIV-99-0110 M/RLP

ANN GARCIA,
JUAN IBARRA,
RONDA BARELA,

Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to consider Plaintiff's motion for reconsideration (Doc. #16) filed May 18, 1999. The motion was submitted on a form complaint and seeks relief from the order of April 16, 1999, denying Plaintiff's motion for leave to proceed in forma pauperis ("IFP") on appeal. Plaintiff alleges that denying him IFP status on appeal effectively denied him access to the courts. Earlier, he appealed from the denial of his original IFP motion in this action. The motion seeks damages and an order setting aside the denial of IFP of appeal.

As a preliminary matter, the "complaint" is construed as a motion under Fed.R.Civ.P. 60(b) because a collateral attack on the order denying IFP would not benefit Plaintiff. First, the claim for damages is barred because "judges have absolute immunity from liability for damages for acts committed within the apparent scope of their judicial duties." *Wiggins v. New Mexico State Supreme Court Clerk*, 664 F.2d 812, 815 (10th Cir. 1981) (citing *Stump v. Sparkman*, 435 U.S. 349 (1978) (additional citations omitted)). And second, the equitable relief sought is available by motion, both in this Court under Fed.R.Civ.P. 60(b) and in the Court of Appeals for the Tenth Circuit under

Fed.R.App.P. 24(a)(5).

Where a party files both a notice of appeal and a 60(b) motion, the district court retains jurisdiction to deny, but not to grant, the motion. *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 579 n.4 (10th Cir. 1996); *Calva Products, Inc. v. Beal, Bridgeforth & Beal*, 70 F.3d 1282, 1995 WL 681484, at **2 (10th Cir. November 2, 1995) (unpublished table decision). The order denying IFP on appeal was based on the Court's finding that the appeal is not taken in good faith. Plaintiff now argues that denial of IFP on appeal improperly denies him access to the courts on the basis of his indigency. Both this Court and the Tenth Circuit are well aware that neither a complaint or appeal may not be dismissed "on the grounds of poverty." *Bell v. Whethel*, 127 F.3d 1109, 1997 WL 639319 (10th Cir. Oct. 14, 1997) (unpublished table decision); 28 U.S.C. § 1915(b)(4). But the sanction may be imposed for failure to comply with statutory requirements. "Under the PLRA, failure to comply with any of these requirements may result in dismissal of a prisoner's action." *In re Smith*, 114 F.3d 1247, 1251 (D.C. Cir. 1997) (citing *Ayo v. Bathey*, 106 F.3d 98, 101 (5th Cir.1997)); *McGore v. Wrigglesworth*, 114 F.3d 601, 605-06 (6th Cir. 1997); *and cf. White v. Colorado*, 1226, 1234 (10th Cir. 1998) (upholding constitutionality of "three strikes" provisions in § 1915(g)), *cert. denied*, --- U.S ---, 119 S.Ct. 1150 (1999). Furthermore, as noted above, the motion for IFP on appeal can be reasserted in Plaintiff's appeal. The motion for reconsideration will be denied.

IT IS THEREFORE ORDERED that Plaintiff's motion for reconsideration (Doc. #16) filed May 18, 1999, is DENIED.

                                                      UNITED STATES DISTRICT JUDGE